959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Cecil KLINGLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee,
James R. Miller, Movant.
 No. 91-2244.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 David Klingler, represented by counsel, appeals the district court's judgment denying his motion to vacate. 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Klingler pled guilty to distributing marijuana in violation of 21 U.S.C. § 841(a)(1) and continuing criminal enterprise in violation of 21 U.S.C. § 848. He received consecutive fifteen and ten year sentences. Klingler then filed a successful Fed.R.Crim.P. 35 motion, with the result that his sentence was reduced to ten years.
 
 
 3
 Klingler claimed that his conviction violated double jeopardy as distribution of marijuana is a lesser included offense of continuing criminal enterprise. He also claimed that he received ineffective assistance of trial counsel, that he lost his right to trial by pleading guilty, and that as a result of his trial counsel's deficient performance, he lost his right to appeal. After reviewing the magistrate judge's report and recommendation, the district court denied § 2255 relief finding his claims meritless. See Strickland v. Washington, 466 U.S. 668, 687 (1984) and Grady v. Corbin, 495 U.S. 508 (1990).
 
 
 4
 On appeal, Klingler argues that he received ineffective assistance of counsel, that the indictment in Case No. G87-109 was precluded by the double jeopardy doctrine, and that the double jeopardy defense can be raised anytime.
 
 
 5
 As an initial matter, Klingler's only arguments raised on appeal concern ineffective assistance of counsel and violation of the double jeopardy doctrine. His other claims are thus considered abandoned and are not reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon consideration of the remaining claims, we conclude that the district court correctly denied relief. Accordingly, for the reasons stated in the September 26, 1991, report and recommendation, as adopted by the district court, the district court's October 18, 1991, judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.